## PRIDDY et al. v. WALTON.

Court of Appeals of Kentucky.

Dec. 16, 1952.

J. T. Hatcher, Elizabethtown, for appellant.

Nichols & Wilson and Stokes A. Baird, Munfordville, for appellee.

MORRIS, Commissioner.

Appeal is from a judgment enjoining appellants from harvesting or marketing a crop of tobacco raised on certain land in violation of a contract and in violation of government allotment rules, and mandatorily directing destruction of the crop. There is no appreciable dispute as to the facts as set out in the pleadings.

Walton was the owner of several tracts of land in Hart County, one of which was a small tract of thirty acres. On January 15, 1949, Walton executed a title bond under which he agreed to sell the tract to one Miller. This writing provided that Miller was to lease the tract to Walton for a term of three years, and further that Miller would not raise any tobacco on the tract during that period. It was also agreed that Walton might transfer to other lands, apparently more productive, the .8 of an acre allotment to this tract.

On December 31, 1950, Walton conveyed the tract to Miller, subject to the terms of the lease to Walton, executed on the same day. The lease, embracing the terms of the title bond, provided that Walton was to have control of the land, and to be allowed to transfer his .8 of an acre allotment to his other lands. On February 10, 1950, Miller conveyed the 30 acre tract to appellant, Nancy Priddy, subject to the three year lease to Walton, which lease had been duly recorded, and as the proof shows was known to Mrs. Priddy. It is admitted in pleadings that in 1950 appellants and sharecroppers raised .8 of an acre of tobacco on the leased tract, and were attempting to procure from governmental authorities a marketing card.

Appellee's petition and amended petition substantially set out the facts as we have stated them and, alleging trespass and irreparable injury, without adequate legal remedy, if the tobacco in question be harvested or marketed, asked injunctive relief. He also asked that the appellants be required to destroy the crop. The pleadings and proof show that appellee had received authority from the proper authorities to transfer the 30 acre allotment to his other lands. It is also shown that he had received notice from the authorities that he had exceeded his quota by .9 of one acre. This included the .8 of an acre raised on

the 30 acre tract. The excess of ⅒th of an acre Walton says he destroyed.

In answer appellants admitted the growing of the crop on the leased tract. Their defense was, first, that at the time Miller leased the tract to Walton, he, Miller, had no title to the tract; secondly, that the "undertaking set out in the lease" was without consideration, hence void; lastly, that the transfer of the allotment to the small tract to other lands was "in contravention of the law pertaining to the allocation of crops," and against public policy. The answer was controverted of record. It may be noted at this point that none of the allegations of the answer were established by proof in any form.

The cause was submitted on the pleadings and very meager proof, and the chancellor enjoined appellants from harvesting or attempting to market the crop, and mandatorily ordered it destroyed. The testimony adduced adds very little, if anything, to the facts alleged in the pleadings. Walton substantiated his allegations. He showed that if the crop raised on the .8 of an acre was harvested, he would suffer the loss of price support on his crop, and suffer certain marketing control penalties.

Mrs. Priddy testified that she had furnished the money to Miller to buy the 30 acre tract. She admitted that she knew of the Miller-Walton lease but did not believe that it was valid. An exhibit filed shows that she had knowledge of the lease in March of 1950.

Appellants in their brief do not discuss the questions raised in their answer as to the invalidity of the Miller-Walton lease, or the allegation that the Walton "undertaking" was in contravention of law or against public policy. It is only contended that the court had no right to order the crop destroyed, because that portion of the judgment is not supported by pleading or proof. No objection seems to be voiced against the part enjoining appellants from harvesting or marketing the crop. If the crop is not to be harvested or marketed, appellants will suffer no damage by its destruction.

We think the pleadings sufficiently supported the judgment insofar as the order of destruction is concerned. As to proof, while there was no affirmative proof as to authority for the destruction of the crop, appellee points out that where there is an excess of allotment, under the rules of the governmental agency, the grower must store the excess tobacco under bond, or furnish proof that the excess will neither be harvested nor marketed. It is noticeable that appellants do not claim that they undertook to meet the first requirement, or furnished proof on either of the other requirements. Here it is made amply clear that appellants knew of the terms of the Walton-Miller lease, and that they knew that the .8 of an acre theretofore allotted to the land they had bought from Miller had been regularly transferred by Walton to his other lands. There is no escape from the conclusion that they were trespassers, and should not be heard to complain of any damage resulting from their wrongful acts.

We are of the opinion that the chancellor's judgment was correct, and it is affirmed.